IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JIMMY RAY TURNER, #K0837                                                    PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 3:08-cv-40-HTW-LRA

HALEY BARBOUR, JIM HOOD, STEVEN HAYNE,
RONNIE MUSGROVE and MIKE MOORE                                           DEFENDANTS

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Turner, an inmate currently incarcerated in the Central Mississippi Correctional Facility, Pearl, Mississippi, filed this complaint requesting injunctive relief and a declaratory judgment. The named defendants are Governor Haley Barbour, Attorney General Jim Hood, forensic pathologist Steven Hayne, former Governor Ronnie Musgrove and former Attorney General Mike Moore.

The Plaintiff is currently serving a life sentence of imprisonment for his 1998 criminal conviction of murder by the Smith County Circuit Court. Defendant Hayne performed the autopsy on the victim and testified as an expert witness at Plaintiff's criminal trial. In Plaintiff's original complaint, he states that he is asserting claims under the "prohibition of bills of attainder" along with the Due Process Clause and Equal Protection Clause of the United States Constitution. On February 11, 2008, this Court entered an order directing the Plaintiff to file a written response to provide specific information regarding his claims. In Plaintiff's answer to the court's order, he states that he is withdrawing his "bill of attainder" claims. *See Doc. 9*, p.4.

The gravaman of Plaintiff's complaint and subsequent pleadings presented in this case is the alleged unconstitutionality of Hayne's testimony at his criminal trial. The Plaintiff alleges that Hayne is not qualified as an expert and he testified falsely at Plaintiff's trial, resulting in the Plaintiff's unlawful conviction. As for the other named defendants, the Plaintiff appears to claim that because the state medical examiner's office was vacant at the time of his trial, Hayne operated without supervision resulting in Hayne testifying falsely at the Plaintiff's trial. As relief, Plaintiff is requesting that "any and all proceedings where Dr. Steven Hayne testified be declared unconstitutional" and that all of the named defendants "be sanctioned by removal from office and/or revocation of [each defendant's] license to practice their professions". *Comp [1]*, p.4

## Analysis

The Prison Litigation Reform Act of 1996, Pub.L. No. 104-134, 110 Stat. 1321, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions of the Prison Litigation Reform Act, Title 28 U.S.C. § 1915(e)(2) (as amended), provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. Section 1915(e)(2) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338

(1989); *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994).  "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*  The Court has permitted the Plaintiff to proceed *in forma pauperis* in this action, thus his complaint is subject to *sua sponte* dismissal under Title 28 U.S.C. § 1915.

If a pauper seeks to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff, then dismissal of the ensuant action is warranted. *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir.1989).  The Fifth Circuit further defined these duplicative actions as "malicious," even prior to the disposition of the first suit. *Pittman v. K. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff").  As stated above, the PLRA provides that "the court shall dismiss the case at any time" if the court determines that it is frivolous or malicious.  Title 28 U.S.C. § 1915(e)(2)(B)(i).

The allegations of this complaint revolve around defendant Hayne's involvement in the Plaintiff's criminal trial and conviction.  Plaintiff repeatedly asserts that defendant Hayne was not qualified to testify at his trial and testified falsely resulting in Plaintiff's wrongful conviction.

The Plaintiff has filed two previous cases wherein Hayne was a named defendant and

he asserted complaints regarding Hayne's role in his conviction and sentence.[1]  The first case was filed pursuant to 42 U.S.C. § 1983, and was dismissed by this Court as barred by the *Heck* doctrine and based on Hayne's witness immunity.  The second case the Plaintiff filed was pursuant to 42 U.S.C. § 1986, and was dismissed by this Court for failure to state a claim.  The claims in his prior actions and the claims asserted in this cause are substantively identical and clearly arise from the same set of facts - his 1998 murder trial and conviction.  Throughout all three complaints the common theme, that Hayne is not qualified as an expert and testified falsely at his criminal trial, is vehemently set forth by the Plaintiff.  The Plaintiff is entitled to "one bite at the litigation apple--but no more." *Pittman v. K. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).  Regardless of the label placed on the action by the Plaintiff, this Court concludes that the allegations asserted in this complaint and Plaintiff's subsequent filings are malicious and shall be dismissed.

## Conclusion

As discussed above, the Plaintiff's allegations are malicious and will be dismissed pursuant to Title 28 U.S.C. Section 1915(e)(2)(B)(i), with prejudice.  Since this case is dismissed pursuant to the above mentioned provisions of the Prison Litigation Reform Act, it will be counted as a "Strike."[2]  If the Plaintiff receives "three strikes" he will be denied *in*

---

[1] *See Turner v. Hayne*, No. 3:05cv197WHB-AGN (S.D. Miss. July 5, 2006), and *Turner v. Bowen, et al.*, No. 3:06cv576DPJ-JCS (S.D. Miss. May 1, 2007), *aff'd* No. 07-60417 (5th Cir. Oct. 30, 2007).

[2] Title 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

*forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

THIS, the 29th day of May, 2008.

                                                           s/ HENRY T. WINGATE
                                                           CHIEF UNITED STATES DISTRICT JUDGE

---

fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."